U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

SEP 23 2009

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| STANLEY SPENCER DAVIDSON, | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-213-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Stanley Spencer Davidson, TDCJ # 1513147, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURAL HISTORY

In May 2008 Davidson entered a negotiated plea of guilty to burglary of a habitation and was

sentenced to 26 years' confinement in Parker County, Texas. (01State Habeas R. at 13) Davidson waived his right to appeal but filed a state application for writ of habeas corpus, challenging his conviction, which was denied by the Texas Court of Criminal Appeals without written order. (*Id.* at cover) Davidson filed a second state habeas application challenging his conviction, which was dismissed by the Texas Court of Criminal Appeals as successive. (03State Habeas R. at cover) This federal petition for writ of habeas corpus followed.

### D. ISSUES

Davidson claims (1) he is actually innocent of the offense, which is established by newly discovered evidence, and (2) his trial counsel (a) withheld food and medical treatment to coerce him into pleading guilty, (b) failed to file any motions, conduct an independent investigation, or contact witnesses, and (c) aided and assisted the prosecution. (Petition at 7; Pet'r Memorandum at 5)

### E. RULE 5 STATEMENT

Thaler alleges Davidson's actual innocence claim and his claim that counsel induced him to plead guilty by withholding food and medication, raised for the first time in Davidson's second state habeas application, are unexhausted and procedurally barred from federal habeas review. (Resp't Answer at 3-9)

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim,

which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5ᵗʰ Cir. 1988). The Texas abuse-of-the-writ doctrine prohibits a successive habeas petition, absent a showing of cause, if the applicant urges grounds that could have been, but were not, raised in his first habeas petition. *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994). This doctrine is an adequate state procedural bar for purposes of federal habeas review. *Cotton v. Cockrell*, 343 F.3d 746, 755 (5ᵗʰ Cir. 2003); *Emery v. Johnson*, 139 F.3d 191, 195 (5ᵗʰ Cir. 1997); *Nobles v. Johnson*, 127 F.3d 409, 423 (5ᵗʰ Cir. 1997).

Davidson asserts that his actual innocence claim is based on newly discovered evidence in the form of assertions by his co-defendant that Davidson was not involved in the burglary. However, prior to pleading guilty Davidson would have known the factual basis for his claim that he is actually innocent of the alleged crime. Likewise, during the plea process, Davidson would have known the factual basis for his ineffective assistance claim that counsel coerced his guilty plea by withholding food and medication. Absent cause and prejudice or a fundamental miscarriage of justice, such showing not having been made, the state procedural default bars the court's review of Davidson's claims (1) and 2(a). *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## F. DISCUSSION

### 1. *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption applies to all findings, express and implied. *See Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. Ineffective Assistance of Counsel

Davidson claims counsel was ineffective by failing to file any motions, conduct an independent investigation, or contact witnesses and by aiding and assisting the prosecution.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial.

4

U.S. CONST. amend. VI. To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). We defer to the state court's determination of a claim unless it appears the decision was contrary to or involved an unreasonable application of *Strickland* or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82  (5th Cir. 2002).

Assuming Davidson's assertion that he would have gone to trial but for counsel's actions to be true, we must determine whether counsel's representation fell below an objective standard of reasonableness.   In evaluating an ineffective assistance claim, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy.  *Strickland*, 466 U.S. at 668, 688-89.  Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight.  *Id.* at 689.

By entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects, including claims relating to deprivation of constitutional rights, that antedate the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991).  Because Davidson's guilty plea was knowingly, intelligently and voluntarily made, *see infra*, his claims that

counsel failed to file any motions, conduct an independent investigation, or contact witnesses, which do not involve the voluntariness of the plea, are waived. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004);*United States v. Broce*, 488 U.S. 563, 573-74 (1989); *Boykin*, 395 U.S. at 243; *United States v. Williams*, 61 Fed. Appx. 120 (5th Cir. 2003).

If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)). When reviewing a record, a court must give a signed, unambiguous plea agreement great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Additionally, a defendant's solemn declarations in open court are presumed true, and a defendant generally may not recant sworn testimony made at a plea proceeding. *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985).

The record in this case does not demonstrate that Davidson's guilty plea was in any way induced by coercion or misrepresentation on the part of his trial counsel. Although there is no reporter's record of the plea proceeding, the documentary record supports the state courts' implied decision that Davidson's guilty plea was a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). The documentary record reflects that Davidson entered his guilty plea in open court and was advised by counsel and the trial court of his rights,

6

waivers, and the full range of punishment for the offense.  Davidson executed the written plea admonishments in which he acknowledged that he understood the written plea admonishments, that he was aware of the consequences of his plea, that his plea was made freely, knowingly and voluntarily, that he was completely satisfied with the representation provided by counsel and that counsel provided fully effective and competent representation, and he judicially confessed to committing the offense as charged in the indictment and pled true to the enhancement allegations. *See Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981).  Such representations by a defendant during plea proceedings carry a strong presumption of truthfulness. *Blackledge*, 431 U.S. at 74.

Davidson's claim of coercion after the fact, is insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state court records. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same). Counsel's obligation is to inform a criminal defendant of the advantages and disadvantages of a plea agreement and the attendant statutory and constitutional rights that a guilty plea would forgo. *Libretti v. United States*, 516 U.S. 29, 50-51 (1995).  Often a criminal defendant, even if he is unwilling or unable to admit his guilt, will agree to plead guilty to an offense, having been so informed by counsel, in order to avoid a potentially harsher sentence by a judge or jury.  Such a decision on the part of a defendant does not render counsel's representation deficient or a plea involuntary. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *Brady v. United States*, 397 U.S. 742, 749-50 (1970).

7

## II. RECOMMENDATION

Davidson's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 14, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 14, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of

the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 23, 2009.

CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE